## FALLER v MASS BONDING & INSURANCE CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9943. Decided May 13, 1929

Messrs. Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Faller.

Messrs. Paul Howland and C. A. Colvin, Cleveland, for Mass Bonding & Ins Co.

LEVINE, J.

It appears from the record that the accident upon which this lawsuit is based occurred on Feb. 6, 1924, at a time when the statute of limitation for injury to personal property was four years. On Aug. 2, 1927, the amendment to 11224-1 GC. which reduced the time to two years, became effective. The statement of claim in this action was filed in the Municipal Court Feb. 2, 1928, which is six months after the two year amendment became effective.

It is contended by plaintiff in error that 11224-1 GC. is a statute effecting the remedy only and that statutes of limitation may be repealed or amended at the will of the Legislature subject only to the rule that a reasonable time must be afforded in which to file suits.

It must be borne in mind that at the time the amendment to the old statute of limitations was passed, more than three years had elapsed since the cause of action arose. At the time the amendment became effective, about three and a half years had elapsed since the cause of action arose.

It is the settled law in most jurisdictions that an existing right of action cannot be taken away by mere legislation, as by shortening the period of limitation to a time which has already arrived. (See 17 R. C. L. p. 676).

A cause of action or chose of action which has already arisen is generally regarded as a property right which cannot be taken away by legislation as it contravenes a constitutional inhibition against taking property without due process of law.

Cooley's Constitutional Limitations, Vol. 2, 8th Ed. 764.

It will be observed that in the amendment to 11224-1 GC. which became effective August 2, 1927, no exception is made as to existing causes of action nor does it allow claimants a reasonable time within which to bring suits. If this amendment is to be considered as having retroactive effect, it would undoubtedly bar the present action entirely because at the time of the passage of the amendment more than three years had elapsed since the cause of action, involved in the case at bar, arose.

The argument that a statute of limitations is purely remedial and that the legislature has the power to change laws affecting remedy as to existing causes of action, upon which suit had not yet been commenced, does not seem to us tenable. The statute of limitations when it is made to apply, cuts off the remedy entirely. When legislation, even though remedial in its character, has the effect of destroying the cause of action, it runs contrary to the Constitutional guarantee against taking property without due process of law.

It is clearly the duty of the court to give the amendment such construction as will make it valid.

The case of **Shuman v. Drayton, 14 O. C. C. Rep. 328,** is a case exactly in point.

It is held in **38 OS. 46:**

(Here follows quotation)

Section 26 GC. of Ohio provides:

(Here follows quotation)

It will be seen that neither the first part nor the second part of Sec. 26 can apply to the instant case because this action was not pending at the time 11224-1 GC. became effective. It is contended that the 3rd part cannot apply because the amendment of 1927 does not purport to affect the cause of action and pertains solely to the remedy.

The answer to this contention is that if the subsequent legislation is purely remedial, still it cannot be made effectual to displace any portion of a vested or subsisting right without express provision to that effect contained in the amending act. No such provision is contained in the amending act of 1927, but even if there were such a provision found therein so as to make the amendment of 1927, shortening the time within which causes of action for the injury to person or property may be brought, applicable to existing causes of action, it would in our opinion invalidate the law for the reason that by shortening the period of limitation to a time which has already run, and making no provision for a reasonable time within which claimants may enforce their existing claims, amounts to a denial of justice and destruction of a vested property right.

We are therefore content to adopt the reasoning of Shuman v. Drayton supra and to reach a similar conclusion. We are of the opinion that the trial court was correct in overruling the demurrer to the statement of claim.

Viewing the case as we do, the judgment of the Municipal Court will therefore be affirmed.

Sullivan, J, concurs. Vickery, PJ, dissents.